(No. 78-CC-2280–)

Doris Sharpe, Claimant, v. The State of Illinois, Respondent.

*Opinion filed February 2, 1984.*

Jerome F. Lopinot, for Claimant.

Neil F. Hartigan, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This is a claim for damages due to the basic changes made by the Respondent, the Illinois Department of Transportation, to Highway 161 in the vicinity of the Claimant's residence in 1977.

A hearing was conducted before Commissioner Richard H. Parsons, who heard testimony of witnesses, and received evidence and the briefs and arguments of counsel. The commissioner has duly filed his report, together with the transcript, exhibits and briefs now before us.

This is a drainage case. There is no dispute between the parties concerning the basic characteristics of Claimant's house or its location with reference to Highway 161.

The house faces North Avenue and is a two-story brick structure.

The address of Claimant's property is 72 Highview Lane, Belleville, Illinois; and Highview Lane is on the north side of the property and runs east and west, coming to a dead end at the western edge of Highway 161's right-of-way.

Claimant's driveway, running north and south, is along the eastern edge of said property and immediately adjacent to the western edge of Highway 161, which runs in a northerly and southerly direction.

The surface of the highway is on a higher level than Claimant's property, and at this point there is a long gradual slope, sloping downward to the north.

Approximately 1,000 feet north of the Claimant's property, Ogal Creek runs under Highway 161 and extends in an easterly and westerly direction.

Prior to the year 1977, Highway 161 was a two-lane highway. Running parallel to the highway on the west side and between the highway and Claimant's property was what was described as a gutter.

James Easterly, a registered civil engineer employed as a supervisor for the Department of Transportation construction office in Fairview Heights, Illinois, testified that the gutter existed prior to the year 1977 and that it flowed to the north.

The Department of Transportation in 1977 made improvements on Highway 161 which included the addition of two lanes east of the existing old lanes, the resurfacing of the existing lanes and three other changes, the first change being the addition of a shoulder to the highway on its west edge which, according to the testimony, covered the gutter, and no provisions were made to replace the gutter. The second change was that the two culverts under the highway which had emptied into the gutter were extended by 40 to 50 feet, bringing the end of the culvert 40 to 50 feet closer to Claimant's property and no longer emptying water in its former path to Ogal Creek. The third change was that several hundred thousand cubic yards of dirt was rearranged on the east side of the highway, causing additional waters to flow through to the culvert.

Pursuant to testimony, the water flow was increased by seven percent through the culverts. The State offered no rebuttal to the fact that Claimant stated there had never been any flooding or water problems at her location prior to the changes made by the Respondent.

Respondent's witnesses admitted that these conditions existed when they were called to the location in 1977 after the changes to Highway 161 were completed. They further admitted that the contractor attempted to provide a rock baffle for water coming through the culverts and also that the Claimant was compensated for mud in her house and that rock was hauled to her driveway because of mud and silt left by the flooding waters.

Claimant testified that on every occasion since 1977 when it rained, water poured through the culverts and would overflow her driveway and into her house and later through the east wall and cause erosion throughout her yard with silt deposits up to eight inches, and that a rock retaining wall collapsed because of the flooding waters, her septic tanks are constantly full, and foundation structural damage and interior damage to the low level of her house has resulted.

Claimant having proved damages in the amount of twenty eight thousand three hundred sixty three and 21/100 ($28,363.21) dollars arising from the State's negligent maintenance of its drainage facilities.

Claimant is hereby awarded damages in the sum of twenty eight thousand three hundred sixty three and 21/100 ($28,363.21) dollars.